East'n. District.
*May*, 1829.

FISHER & AL. vs. BRIG NORVAL & AL.

FISHER & AL.
*vs.*
BRIG NORVAL
& AL.

If the master
gives a receipt
for goods left on
the beach, they
are at the risk of
the ship.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action is brought to recover the value of 35 bales of cotton, which were sent by the plaintiffs to be shipped on board the brig Norval, and received by the captain. They were suffered to remain on the levee, and during the night following their delivery, were burnt and consumed. It is not shewn how the fire originated.

The cotton was sent down late in the evening; but the defendants having received, and receipted for it, their responsibility must be governed by the same rules as if it had been delivered early enough to permit them to put it on board the same day.

It is proved, that the cotton was left exposed on the levee without any person to watch it, and it is proved that it is not customary in the city to put any person as a guard over cotton bales, in the situation in which they were placed.

Our code, 2725, enacts, that carriers and watchmen may be liable for the loss or damage of things entrusted to their care, unless they

can prove that such loss or damage has been occasioned by accidental and uncontroulable events.

East'n. District.
*May,* 1829.

FISHER & AL.
*vs.*
BRIG NORVAL
& AL.

We think the view, which the judge *a quo* took of the case, a correct one. He considered there was negligence in the defendants permitting the cotton to be exposed all night on the levee, to theft, fire and other accidents, without some person to take care of it. We view the transaction in the same light. It is not the care which a prudent man would take of his own property, and the defendants must shew such care to excuse them from the loss which has occurred. It is not a good excuse to say, that it is not customary to place a watch over property, such as this. If any such custom has been introduced in this city, by those who have had the property of others transmitted to them for sale or transportation, the sooner they are informed, that such custom cannot controul the law, and will not be recognized by courts of justice, the better.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*McCaleb* for the plaintiffs—*Eustis* for the defendants.